Case 2:20-mj-03795-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 08/12/20   Page 1 of 11   Page ID #:326

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means    ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>10 Digital Devices ("SUBJECT DEVICES 1-10")<br>Described in Attachment A | Case No. 2:20-MJ-03795 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

Date and time issued:    August 12, 2020 3:42pm                        *[signature]*
                                                                       Judge's signature

City and state:    Los Angeles, CA                        The Honorable Karen L. Stevenson
                                                           Printed name and title

AUSA: Andrew M. Roach

Case 2:20-mj-03795-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 08/12/20   Page 2 of 11   Page ID #:37

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| Return |||
|---|---|---|
| Case No.: 2:20-MJ-03795 | Date and time warrant executed: 25 August 2020 10:08am | Copy of warrant and inventory left with: KELLEY BARNES 600529 |
| Inventory made in the presence of: Special Agent Patrick Hayes |||
| Inventory of the property taken and name of any person(s) seized: |||

- (1) White Samsung Galaxy SMJ-700T with serial number R58HB0D0PXB and IMEI: 357218079703143 in blue rubber case. (Subject Device 6).
- (1) Black Samsung Galaxy S7 SM-G930V with no serial number, IMEI: 359775076099 06 in red bi-fold case. (Subject Device 7).
- (1) Black Maze Speed cellular phone with no visible serial number, IMEI: 135693800304980 7. (Subject Device 8).
- (1) Pink HP Laptop model 17-BY0021CY with serial number 5CG8428298. (Subject Device 9).
- (1) Grey Acer laptop with serial number 604020 24923. (Subject Device 1).
- (1) Grey Vankyo S30 computer tablet with no visible serial number. (Subject Device 3).
- (1) Black Alcatel computer tablet with no visible serial number, IMEI: 015500001722687. (Subject Device 5).
- (1) Grey Samsung portable tablet model SM-T350 with obliterated serial number. (Subject Device 4).
- (1) White RCA computer tablet with serial number DUHD220351E9. (Subject device 10).

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 25 August 2020

_Executing officer's signature_

Alexander A. Rodriguez, Special Agent
_Printed name and title_

## ATTACHMENT A

<u>PROPERTY TO BE SEARCHED</u>

The following digital devices (the "SUBJECT DEVICES"), seized on June 30 and July 1, 2020 and currently maintained in the custody of the Los Angeles County Sheriff's Department, in Santa Clarita, California:

a. A grey Acer laptop computer with serial number 60402024923 ("SUBJECT DEVICE 1");

b. A black Asus Q547F laptop computer with serial number KAN0CV18R43644D ("SUBJECT DEVICE 2");

c. A gray Vankyo S30 computer tablet with no visible serial number ("SUBJECT DEVICE 3");

d. A grey Samsung portable Tablet with an obliterated serial number ("SUBJECT DEVICE 4");

e. A black Alcatel computer tablet with no visible serial number ("SUBJECT DEVICE 5");

f. A white Samsung SM-J700T smart phone with serial number R58HB0D0PXB ("SUBJECT DEVICE 6");

g. A black Samsung SM-G930V Galaxy S7 smart phone with no visible serial number ("SUBJECT DEVICE 7");

h. A black Maze speed cellular phone with no visible serial number ("SUBJECT DEVICE 8");

i. A pink HP model 17-BY0021CY laptop with serial number 5CG8428Z98 ("SUBJECT DEVICE 9"); and

j. A white RCA computer tablet with serial number DUHD2Z0351E9 ("SUBJECT DEVICE 10").

Case 2:20-mj-03795-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 08/12/20   Page 4 of 11   Page ID #:40

## ATTACHMENT B

**I. ITEMS TO BE SEIZED**

1. The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of Title 18, United States Code, Sections 371 (Conspiracy), 471 (Counterfeiting Obligations or Securities of the United States), 1028 (Fraud and Related Activity in Connection with Identification Documents, Authentication Features, and Information), 1028A (Aggravated Identity Theft), 1029 (Access Device Fraud), 1344 (Bank Fraud), and 1708 (Mail Theft and Possession of Stolen Mail) (the "SUBJECT OFFENSES"), namely:

   a. Data, records, documents, or information (including electronic mail and messages) related to the SUBJECT OFFENSES.

   b. Data, records, documents, or information (including electronic mail and messages) pertaining to obtaining, possessing, using, or transferring personal and/or financial transaction identification information for persons other than Haik TOROSYAN, such as names, addresses, phone numbers, credit and debit card numbers, security codes, bank account and other financial institution account numbers, Social Security numbers, email addresses, IP addresses, as well as PIN numbers and passwords for financial institutions or internet service providers;

   c. Records, documents, programs, applications, or materials pertaining to applications for, or use of, credit or debit cards, bank accounts, or merchant processor accounts;

ii

Case 2:20-mj-03795-DUTY *SEALED*   Document 1-1 *SEALED*   Filed 08/12/20   Page 5 of 11   Page ID #:40

    d. Data, records, documents (including e-mails), or information reflecting or referencing purchases of merchandise, securities, electronic currency, and other valuable things;

    e. Software, devices, or tools used to obtain, create, or use counterfeit or unauthorized checks, coupons, or access devices such as credit, debit, bank, and gift cards;

    f. Any documents or records relating to any bank accounts, credit card accounts, or other financial accounts;

    g. Records, documents, programs, applications, or materials relating to United States mail or mail matter;

    h. Contents of any calendar or date book stored on any of the digital devices;

    i. Global Positioning System ("GPS") coordinates and other information or records identifying travel routes, destinations, origination points, and other locations;

    j. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show address book information, including all stored or saved telephone numbers;

    k. Records, documents, programs, applications and materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from any of the digital devices and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

    l. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to

iii

show SMS text, email communications or other text or written communications sent to or received from any of the digital devices and which relate to the above-named violations;

m.  Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications, or other text or written communications sent to or received from any digital device and which relate to the above-named violations;

n.  Audio recordings, pictures, video recordings, or still captured images of United States mail or mail matter, whether opened or unopened, or relating to the possession or distribution of drugs or the collection or transfer of the proceeds of the above-described offenses; and

o.  Any SUBJECT DEVICE which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offense/s, and forensic copies thereof.

p.  With respect to any SUBJECT DEVICE containing evidence falling within the scope of the foregoing categories of items to be seized:

i.  evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

Case 2:20-mj-03795-DUTY *SEALED*   Document 1 *SEALED*   Filed 08/12/20   Page 7 of 11   Page ID #:32

        ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

        iii. evidence of the attachment of other devices;

        iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

        v. evidence of the times the device was used;

        vi. passwords, encryption keys, and other access devices that may be necessary to access the device;

        vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

        viii. records of or information about Internet Protocol addresses used by the device;

        ix. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

    2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created,

Case 2:20-mj-03795-DUTY *SEALED*   Document 1 *SEALED*   Filed 08/12/20   Page 8 of 11   Page ID #:43

modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

## II.   SEARCH PROCEDURE FOR DIGITAL DEVICE(S)

3.   In searching the SUBJECT DEVICE(S) (or forensic copies thereof), law enforcement personnel executing this search warrant will employ the following procedure:

    a.   Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") may search any SUBJECT DEVICE capable of being used to facilitate the above-listed violations or containing data falling within the scope of the items to be seized.

    b.   The search team will, in its discretion, either search each SUBJECT DEVICE where it is currently located or transport it to an appropriate law enforcement laboratory or similar facility to be searched at that location.

    c.   The search team shall complete the search of the SUBJECT DEVICES as soon as is practicable but not to exceed 120 days from the date of issuance of the warrant. The government will not search the digital devices beyond this 120-day period without obtaining an extension of time order from the Court.

    d.   The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

        i.   The search team may subject all of the data contained in each SUBJECT DEVICE capable of containing any of the items to be seized to the search protocols to determine whether the SUBJECT DEVICE and any data thereon falls within the

scope of the items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the scope of the items to be seized.

    ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

  e. If the search team, while searching a SUBJECT DEVICE, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that SUBJECT DEVICE pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

  f. If the search determines that a SUBJECT DEVICE does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the SUBJECT DEVICE and delete or destroy all forensic copies thereof.

  g. If the search determines that a SUBJECT DEVICE does contain data falling within the list of items to be seized,

Case 2:20-mj-03795-DUTY *SEALED* Document 1 *SEALED* Filed 08/12/20 Page 10 of 11 Page ID #:65

the government may make and retain copies of such data, and may access such data at any time.

    h. If the search determines that the SUBJECT DEVICE is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

    i. The government may also retain a SUBJECT DEVICE if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

    j. After the completion of the search of the SUBJECT DEVICES, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

    4. The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the

custody and control of attorneys for the government and their support staff for their independent review.

5.  During the execution of this search warrant, law enforcement is permitted to (1) depress Haik TOROSYAN's thumb- and/or fingers onto the fingerprint sensor of the SUBJECT DEVICES (only if the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of TOROSYAN's face with his or her eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device. In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in Graham v. Connor, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

6.  The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.